IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GONZALES,<br><br>    Petitioner,<br><br>v.<br><br>C.A. TERHUNE,<br><br>    Respondent. | No. C 03-1565 TEH<br><br>**ORDER GRANTING IN PART RULE 59 MOTION** |

This matter comes before the Court on Petitioner's timely Motion For New Trial, or to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). In particular, Petitioner contends that the Court erred in denying his requests for an evidentiary hearing and discovery, and in denying his claim for habeas relief under *Brady v. Maryland*, 373 U.S. 83 (1963). Respondent contends that the motion is barred in its entirety because it constitutes a successive habeas petition, and that even if it is not, the motion should be denied on the merits. Having carefully considered the parties' papers, the governing law, and the record herein, the Court finds that the motion is not procedurally barred and it grants the motion in part and orders a limited evidentiary hearing as set forth below.

A. <u>Whether Petitioner's motion is procedurally barred</u>

Respondent raises the threshold issue of whether Petitioner's Rule 59(e) motion is barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b). Under AEDPA, habeas petitioners cannot file a second or successive

petition in federal district court without first obtaining a certification from the appellate court that the petition meets certain stringent criteria. Respondent contends that Petitioner's Rule 59(e) motion should be treated as a second or successive petition and therefore dismissed since Petitioner has not obtained the requisite appellate certification.

In support of this argument Respondent relies on *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), which holds that Fed R. Civ. P. 60(b) motions that "attack[] the federal court's previous resolution of a claim *on the merits*" constitute a second or successive habeas petition for purposes of AEDPA. *Id*. at 2648 (emphasis in original). The Court distinguishes Rule 60(b) motions that do not address the merits but instead challenge a ruling that prevents the court from reaching the merits or address "some defect in the integrity of the federal habeas proceedings." *Id*. This holding is consistent with AEDPA's intent to preclude habeas petitioners from filing repetitive or multiple petitions on the merits except in very limited circumstances.

Respondent argues that Petitioner's Rule 59(e) motion seeks to revisit this Court's resolution of his habeas petition on the merits, and therefore it should be barred as a second or successive petition under the logic of *Gonzalez*. While this Court agrees that Petitioner's motion does, in effect, challenge the Court's decision on the merits, the Court concludes that *Gonzalez* does not govern this particular motion.

First, as Petitioner notes, a timely motion under Rule 59 suspends the finality of the judgment for purposes of appeal. *F.D.I.C. v. Lugli*, 813 F.2d 1030, 1033 (9th Cir. 1987) (*citing* 11.C. Wright & A. Miller, *Federal Practice and Procedure* § 2812 at 85 (1973)); *Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988) (notice of appeal filed before disposition of Rule 59(e) motion is a "nullity"). Since a Rule 59(e) motion suspends the finality of the judgment, it may not, as a technical matter, qualify as a "successive" or second petition.

Technicalities aside, however, the fundamental purpose of the successive petition rule, which informed the *Gonzalez* decision, does not apply in this instance. One of the purposes of Rule 59(e) is to provide district courts the opportunity to correct significant

errors of fact or law that are brought to their immediate attention, and thus spare the parties and appellate courts the burden of unnecessary appeals. *See e.g. Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986); *Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 447 (D. MD. 2002). Effectuation of this purpose does not in any way undermine AEDPA's intent to avoid repetitive or multiple petitions. Certainly this Court can discern no policy or purpose of AEDPA that would be furthered by depriving judges of the ability to correct manifest errors of law or fact that are promptly brought to their attention within 10 days of the disposition of the action. Accordingly, the Court rejects Respondent's position that every Rule 59(e) motion that is addressed to the merits necessarily constitutes a second or successive petition for purposes of AEDPA.

In this case, Petitioner's Rule 59(e) motion has brought two errors to the Court's attention. First, the Court denied Petitioner's *Brady* claim, in significant part, based on the factual premise that confidential witness 2 (Greg Sakasegawa) was not sure about the gender *and* length of hair of the driver of the truck at issue. Mr. Sakasegawa was, in fact, however, sure about the length of the hair. Second, although the parties assumed that the Court had implicitly denied without comment Petitioner's separately filed request for an evidentiary hearing, the Court, in fact, had overlooked this request at the time it decided the habeas petition.[1] For the reasons discussed above, the Court

---

[1] The Court did, however, intend to implicitly deny Petitioner's request for discovery set forth in footnote 12 of his Traverse. Further, Petitioner fails to identify any manifest error of fact or law with respect to this issue; rather, he simply rehashes the arguments previously made. Thus, to the extent that Petitioner's Rule 59(e) motion on this issue is considered a motion on the merits, the motion must be rejected as a successive claim. *See Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005) (holding that motions for discovery are successive because they involve steps that lead inexorably to a merits-based attack). Even assuming *arguendo*, however, that this aspect of Petitioner's motion was not barred as successive, the Court would deny it. Petitioner clearly has access to Mr. Sakasegawa and has already obtained information from him on the relevant issue: what he saw on the day in question. Thus, it is unclear that the discovery sought would provide any information that is not already available to Petitioner or would not be largely cumulative. The Court thus rejects the argument that this case is "identical" to *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005) in which the government failed to turn over "essential" forensic evidence exclusively within its possession.

3

1 concludes that it may properly entertain Petitioner's Rule 59(e) motion for the purpose of
2 considering the effect of these two errors.

3 B. <u>Merits of Petitioner's Rule 59(e) Motion</u>

4 Turning to Petitioner's *Brady* claim, which is the focus of this motion, this Court
5 previously held that Petitioner had satisfied the first two prongs of the *Brady* test by
6 demonstrating that Respondent had (1) suppressed evidence that was (2) exculpatory, to
7 wit, the actual identity of confidential witness 2 (Mr. Sakasegawa).  The Court
8 concluded, however, that Petitioner failed to satisfy the final element of *Brady* because
9 he had not demonstrated that the suppressed exculpatory evidence was "material" to his
10 case. *See Anderson v. Calderon*, 232 F.3d 1053, 1062, 1066-67 (9th Cir. 2000),
11 *overruled in part on other grounds by Bittaker v. Woodford*, 331 F.3d 715, 728 (9th Cir.
12 2003).  In reaching this conclusion, the Court emphasized that Mr. Sakasegawa was not
13 sure of the gender or length of hair of the person he observed driving the truck in
14 question.  *See* Jan. 12, 2006 Order at 32.  This factual point was particularly significant
15 to the Court's materiality analysis given that Mr. Sakasegawa's proffered exculpatory
16 testimony was being viewed against "a backdrop of extensive evidence of guilt." *Id.*

17 Petitioner's Rule 59(e) motion, however, has clarified for the Court that this
18 factual premise was in error.  While Mr. Sakasegawa was unsure about the gender of the
19 driver of the truck he was, in fact, sure that the driver had long hair, notwithstanding the
20 ambiguous language utilized in the police report upon which the Court relied. *See*
21 Sakasegawa January 18, 2006 Decl. at ¶ 4.[2]  It is also undisputed that the Petitioner had
22 short hair at the time in question and that Respondent argued at trial that Petitioner was
23 the driver of the truck.  As noted above, the Court also inadvertently overlooked
24 Petitioner's March 8, 2005 request for an evidentiary hearing, which proffered Mr.
25 Sakasegawa as a witness who could testify on factual matters raised in Petitioner's
26 petition.

27

28     [2] Mr. Sakasegawa attempted to clarify this ambiguity in a declaration attached to Petitioner's Traverse but this declaration also contained some ambiguity.

4

1    Respondent contends that even assuming that Mr. Sakasegawa had testified that
2 he was sure that the driver of the truck had long hair that such testimony would not have
3 sufficient import, in light of the rest of the record, to affect the Court's materiality
4 analysis. Petitioner, on the other hand, contends that in light of Mr. Sakasegawa's
5 January 18, 2006 declaration correcting the record, the Court should find that
6 Respondent's *Brady* violation was clearly material, dispense with any evidentiary
7 hearing, and grant Petitioner's petition for relief based on the current record.

8    The Court is not persuaded by either position.  Rather, the Court concludes that it
9 is appropriate to grant an evidentiary hearing to further explore Mr. Sakasegawa's
10 testimony which is the course it would have taken had Petitioner's original request for
11 such a hearing not been overlooked.  Mr. Sakasegawa's testimony that the driver did not
12 have long hair, if credible, could have played a very significant role at trial given  that
13 the backdrop of extensive culpatory evidence was largely circumstantial.  Indeed, if
14 believed, the testimony would seriously undermine Respondent's contention that
15 Petitioner was the driver of the truck in question.  At the same time, Mr. Sakasegawa's
16 declaration with respect to his observations the night in question is very brief.  Further, a
17 paper declaration does not provide the Court with valuable information regarding the
18 credibility and likely impact of his testimony.   In short, the Court is not prepared to
19 make a determination of materiality without the added benefit of an evidentiary hearing
20 which will enable the Court to directly assess Mr. Sakasegawa's proferred testimony,
21 and thus more confidently evaluate whether it should alter the Court's materiality
22 analysis.

23    Accordingly, and good cause appearing, it is HEREBY ORDERED that the Court
24 shall hold a short evidentiary hearing on Wednesday, July 19, 2006 at 3:00 p.m. limited
25 to the examination of Mr. Sakasegawa.[3]   In particular, Petitioner and Respondent shall
26 each be permitted a maximum of 20 minutes which may be used solely for purposes of

---

[3] In the event that Mr. Sakasegawa, or counsel for one or both parties is not available at this date and time, counsel shall meet and confer as soon as practicable and submit a proposed stipulation and order regarding alternative proposed date(s).

5

eliciting the testimony that would have been elicited had Mr. Sakasegawa been called to testify at Petitioner's trial. Thus, questioning shall be limited to matters relating to Mr. Sakasegawa's observations the night in question and the reliability or credibility of those observations.

**IT IS SO ORDERED.**

Dated: June 28, 2006

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE